WRIGHT, FINLAY & ZAK, LLP
Robin Prema Wright, Esq.
Nevada Bar No. 009296
Donna M. Osborn, Esq.
Nevada Bar No. 006527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
(702) 475-7964; Fax: (702) 946-1345
dosborn@wrightlegal.net
*Attorneys for Defendant,*
*Saxon Mortgage*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANNA ONISZK-HOROVITZ,

Plaintiff,

vs.

SAXON MORTGAGE; GMAC MORTGAGE; CALIFORNIA RECONVEYANCE COMPANY; EXECUTIVE TRUSTEE SERVICE

Defendants.

Case No.: 2:11-cv-00243-RLH-LRL

**MOTION TO EXPUNGE LIS PENDENS**

Defendant, SAXON MORTGAGE ("Saxon") move to Expunge the Lis Pendens in this matter as the Complaint on which it is based was dismissed pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b) for failure to state a claim upon which relief can be granted.

This motion is based on the pleadings and papers on file herein, the following Memorandum of Points and Authorities, and any oral argument the Court may entertain on the matter.

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTON

The facts regarding this matter are fully presented in moving Defendants' Motion to Dismiss which was Granted on October 14, 2011, and incorporated herein by this reference. This Motion is based on the inapplicability of the Plaintiff's claims in her Complaint of February 23, 2011(Docket #5). Based on this Complaint, Plaintiff has filed a lis pendens which remains on the property even though the matter has been dismissed as the case was closed pursuant to this honorable Court's Order on October 14, 2011 (Docket #29). Despite the Dismissal of Plaintiff's Complaint, the Lis Pendens still remains on the subject property. There is no justification for the Lis Pendens, and this Court should expunge it.

### II. LEGAL ARGUMENT

**A. Standard of Review**

The issue before the Court is whether the Plaintiff's Lis Pendens should be expunged. Plaintiff has the burden to show that he is entitled to the Lis Pendens. See NRS §14.015(2); cf. *Burger v. Superior Court of Santa Clara County*, 151 Cal. App. 3d 1013, 199 Cal. Rptr. 227, 230 (1984). (the expungement process "casts the burden upon the proponent of the lis pendens.") A lis pendens is appropriate only where the action affects title or possession of real property. *See* NRS §14.010(1). ("In an action...affecting the title or possession of real property, the plaintiff…shall record….a notice of the pendency of the action…"). Once a plaintiff records a notice of lis pendens, a defendant may move for expungement pursuant to NRS §14.015.

Pursuant to NRS §14.015, a lis pendens must be expunged if upon 15 days' notice, the party that recorded the lis pendens fails to establish to the satisfaction of the court all of the following elements:

(a) The action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice;

(b) The action was not brought in bad faith or for an improper motive;

(c) He will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property; and

> (d) He would be injured by any transfer of an interest in the property before the action is concluded.[1]

In addition to each of the four elements listed above, the party that recorded the lis pendens must also establish:

> (a) That he is likely to prevail in the action; or
> (b) That he has a fair chance of success on the merits in the action and the injury … would be sufficiently serious that the hardship on him in the event of a transfer would be greater than the hardship on the defendant resulting from the notice of pendency, and that if he prevails he will be entitled to relief affecting the title or possession of the real property.[2]

When a party fails to establish any of these elements, the lis pendens must be expunged. In addition to these elements, the proponent of the lis pendens must also establish that it is likely to prevail on the merits or that it has a fair chance of success, such that the hardship on the party recording the lis pendens is greater than the hardship on the property owner. *Id.* at §14.015(3). NRS § 14.015(3) provides that "the court shall order the cancellation of the notice of pendency and shall order the party who recorded the notice to record with the recorder of the county a copy of the order of cancellation." It is important to note that, like California, the Nevada policy is to favor a restrictive application of the lis pendens statutes. As stated in *BGJ Associates v. Superior Court*, 75 Cal. App. 4th 952, 969 (Cal, Ct. App. 1999): Courts have long recognized that "because the recording of a lis pendens place[s] a cloud upon title of real property until the pending action [is] ultimately resolved, the lis pendens procedure [is] susceptible to serious abuse, providing unscrupulous plaintiffs with a powerful lever to force the settlement of groundless or malicious suits. (Citations omitted.) In *Hilberg v. Superior Court*, 215 Cal. App. 3d 539, 542, the Court stated, "We cannot ignore as judges what we know as lawyers – that the recording of a lis pendens is sometimes made not to prevent conveyance of property that is the subject of the lawsuit, but to coerce an opponent to settle regardless of the merits."

---

[1] NRS § 14.015(2)
[2] NRS § 14.015(3)

In the present case, Plaintiffs' Notice of Lis Pendens must be expunged because Plaintiff's have failed to state a single viable claim in her complaint. Plaintiffs' Complaint does not state one reason how the foreclosure was wrongful or brought for an improper purpose. Rather, Plaintiff's Complaint merely lists conclusory allegations that Defendants failed to follow the required procedure without one fact to support it.[3] Additionally, Plaintiff fails to provide a single reason why they are likely to succeed on the merits of the claims, nor the basis of the theory that Defendants acted fraudulently.

Plaintiff is a perfect example of the type of Plaintiff the *BGJ Associates* Court warned about. Just like the Plaintiffs in *BCJ Associates*, rather than taking responsibility for their own inability to fulfill the obligation under the Loan they were given, the Plaintiff in the current action sought to force a settlement by filing this groundless suit. Since the Complaint is entirely devoid of any reason why the foreclosure of the property was wrongful, Plaintiff's Notice of Lis Pendens should be expunged.

Based on the reasons set forth below, Plaintiff's Lis Pendens is improper and should be cancelled.

**B. This Court Should Expunge the Lis Pendens.**

Plaintiff had no legal basis for recording Lis Pendens. As such the Lis Pendens should be expunged for the following reasons:

**1. Plaintiffs' Notice of Lis Pendens is Unlawful.**

Plaintiffs fail to satisfy the statutory factors under NRS §14.015(2). Plaintiffs' Lis Pendens is unlawful because, among other things:

a. Plaintiff will not be injured if Lis Pendens is expunged because Plaintiffs does not have a viable claim to the Property as a result of her default.

b. Plaintiff does not have a probability of success in this action to the current action because it was dismissed by this Honorable Court.

[3] *See* Complaint, generally.

c. The balance of hardships favors expunging the lis pendens-(i) the Lis Pendens has created an unlawful cloud on the Property, thereby precluding Defendants from foreclosing on and/or making the Property, while (ii) expunging the Lis Pendens will not harm Plaintiffs in any way as Plaintiffs defaulted and is subject to foreclosure.

Plainiff's Lis Pendens is unlawful because fails to meet the standards set forth in the lis pendens statue and applicable case law.

**2. Plaintiff has a Bad and Improper Motive for Recording the Lis Pendens.**

Nevada law prohibits claimants from having a bad or improper motive for recording a lis pendens. See NRS §14.015(2)(b). Plaintiff's motives here are, at best, suspect. It is disingenuous of Plaintiff to file a lawsuit and then argue that her busy schedule prevents her from attending Court hearings, all the while living for free in the property that is the subject of the lawsuit. Plaintiff continues to live for free in the subject property and has done so for over a year. Defendants are losing money on this property every month while Plaintiff stays at home and lives in a free house. In short, Plaintiffs have no justification for their latest maneuvering, and therefore, this Court should expunge the Lis Pendens.

**3. Plaintiff does not have a Fair Chance of Success in this Action as her Claim was Dismissed by this Honorable Court.**

In this current action, Plaintiff is not entitled to relief because she failed to tender payments as contractually agreed and referenced in the loan documents. Furthermore, Plaintiff has not asserted or alleged how the secured interest in the subject property under the recorded Deed of Trust signed by the Plaintiffs was acquired unlawfully. Plaintiff did not succeed on the merits of her claims, because all of her alleged causes of action fail to state a claim for which she is entitled to relief and ignore the clear statutory authority for the non-judicial foreclosure as a result of her default. Accordingly, she is not entitled to injunctive relief because her Complaint has been dismissed by this Honorable Court and therefore, this Court should expunge the Lis Pendens under NRS § 14.015(3).

**4. The Balance of Hardship Upholds Expunging the Lis Pendens.**

Under NRS § 14.015(3), it is not sufficient for Plaintiff merely to show that this action affects title or possession of the Property. Plaintiff must also show that (i) it has a likelihood of success on the merits or (ii) it has a fair chance of success on the merits and that the balance of hardships favors in keeping the Lis Pendens. Even if Defendants were to concede the Plaintiffs have a fair chance of success on the merits (which they do not), the balance of hardships favor expunging the Lis Pendens. Plaintiff's Lis Pendens will harm Defendants by precluding the sale of the subject property. Conversely, expunging the Lis Pendens will not harm Plaintiff because she cannot claim to an interest in the Property. Plaintiff therefore does not meet the standard set forth in NRS § 14.015(3)(b). Defendants' Motion to Expunge Lis Pendens should therefore be granted in its entirety.

## III. CONCLUSION

For the reasons set forth above, Saxon respectfully asks this Court to expunge the lis pendens recorded on February 17, 2011.

DATED this 8 day of NOVEMBER, 2011.

WRIGHT, FINLAY & ZAK, LLP

/s/ Donna M. Osborn, Esq.
Donna M. Osborn, Esq.
Nevada Bar No. 6527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
*Defendants Saxon Mortgage*

**IT IS SO ORDERED.**

Roger L. Hunt

**ROGER L. HUNT**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 30, 2011**